## HOLLOWAY et al. v. WRIGHT.

No. 11237—Opinion Filed June 5, 1923.

1. **Attorney and Client—Lien—When Enforceable.**
Under the provisions of section 4100, Comp. Stats. 1921, an attorney representing a defendant has no lien upon the subject-matter of the litigation where the answer contains nothing but defensive matter, and involves no affirmative relief in behalf of defendant against the adverse party.

2. **Same—Contract Lien of Attorney—Compromise by Parties—Liability of Adverse Party.**
Where attorney has lien by virtue of contract with client and by virtue of affirmative claim represented by him, and adverse party settles or compromises with client before judgment and without approval of attorney, it is error for court to render judgment in favor of attorney and against adverse party for full fee contracted for with client. Comp. States. 1921, secs. 4102, 4103.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Okfuskee County; Lucien B. Wright, Judge.

Action by petition in intervention by J. C. Wright to establish and foreclose an attorney's lien in a pending action. Judgment for intervener. Reversed, with directions.

This proceeding is the outgrowth of an action originally commenced in the district court of Okfuskee county, Okla., in November, 1917. In that action Robert Holloway sued Joe McCormick, and certain other persons, to vacate a void judgment, and to recover the land involved herein and two other tracts held by the codefendants of Joe McCormick. That action was tried on the 4th day of September, 1918, and judgment was rendered in favor of the plaintiff in that action and against the defendant Joe McCormick, and in favor of the other codefendants against the plaintiff in that ac-

tion. The defendant Joe McCormick filed his motion for new trial within the time allowed by law. Robert Holloway, as plaintiff, appealed said cause to this court, said clerk on the 15th day of January, 1919, and appeal being lodged in the office of the became case No. 10439 on the docket of this court. (Holloway v. Ward et al., 84 Okla. 247, 203 Pac. 217.) Thereafter, on the 3rd day of June, 1919, the motion of Joe McCormick for a new trial was passed upon, and by the court sustained. On July 29, 1919, Robert Holloway filed his motion to vacate said order, and on August 6th filed an amended motion for the same purpose. On September 1, 1919, said motion and amended motion were by the court overruled and the defendant in error in this proceeding, attorney for Joe McCormick in the original action, was permitted, by order of the court, to file a petition in intervention to foreclose an attorney's lien, which was done on September 18, 1919. On November 7, 1919, the petition of intervention was tried to the court, and the court rendered judgment in favor of the lien claimant, who is defendant in error in this proceeding, decreeing to him an undivided one-half interest in the land which Robert Holloway had recovered from Joe McCormick by the original judgment in the action. Said decree vested title to the other undivided one-half interest in said land in plaintiff in error Wm. S. Peters, as the successor in interest of Robert Holloway, but charged this undivided one-half interest with the lien of a mortgage outstanding against the entire tract in the sum of $1,300. From this decree upon the petition in intervention this proceeding is prosecuted by petition in error with case-made attached. The attorney's contract, upon which the petition in intervention was based, provided that the attorney should have an undivided one-half interest in the land in controversy in full satisfaction of his services in handling such litigation to final determination. It was executed and acknowledged June 4, 1919.

For convenience, Wm. S. Peters, the successor in interest of Robert Holloway, will be hereafter referred to as plaintiff, and the intervener and lien claimant will be hereafter referred to as defendant. Other parties necessary in the discussion of the appeal will be referred to by their proper names.

P. T. McVey and Wm. S. Peters, for plaintiffs in error.

Martin L. Frerichs, for defendant in error.

Opinion by LOGSDON, C. Plaintiff has assigned numerous errors in his petition in er-

ror in this case, but, under the view taken by this court, it will only be necessary to discuss the first of these assignments, which reads, "The judgment was contrary to the law."

In the case out of which this proceeding arose, the defendant here represented the defendant in the original action, Joe McCormick. McCormick was in possession of the land in controversy, claiming title thereto. Robert Holloway brought the original action against Joe McCormick to cancel the deed under which McCormick held. upon the ground of fraud and failure of consideration, and the defendant in this proceeding, as attorney for McCormick, filed an answer which was purely defensive in its nature and contained no counter claim or cross-petition, and asked no affirmative relief in behalf of Joe McCormick. Under these circumstances, it is the general rule, supported by numerous authorities, that an attorney has no lien against the property involved in the action.

Section 4100, Comp. Stats. 1921 (Rev. Laws 1910, sec. 247), provides:

"From the commencement of an action, or from the filing of an answer containing a counter claim, the attorney who represented the party in whose behalf such pleading is filed shall, to the extent hereinafter specified, have a lien upon his client's cause of action or counterclaim, and same shall attach to any verdict, report, decision, finding, or judgment in his client's favor and the proceeds thereof, wherever found, shall be subject to such lien, and no settlement between the parties without the approval of the attorney shall affect or destroy such lien provided such attorney serves notice upon the defendant or defendants, or proposed defendant or defendants, in which he shall set forth the nature of the lien he claims and the extent thereof; but said lien shall take effect from and after the service of such notice, but such notice shall not be necessary provided such attorney has filed such pleading in a court of record and endorsed thereon his name, together with the words 'lien claimed.' "

This court has passed upon this provision of our statute in the case of Elliott et al, v. Orton et al., 69 Okla. ——, 171 Pac. 1110. The third paragraph of the syllabus in that case reads:

"In section 247, Rev. Laws 1910, the attorney has a lien upon his client's affirmative cause of action only, and this statutory lien cannot be extended to services which merely protect an existing right or title of his client's property. He cannot impress such property with such statutory lien."

This rule announced in the syllabus is borne out by the discussion of this statute in the body of the opinion, and is in full harmony with the general rule, and with the decisions of other states based upon similar statutory provisions. For the reasons stated, defendant had no enforceable lien against the property involved in this action.

It appears from the record that during the year 1919, plaintiff purchased the interest of Joe McCormick to the lands involved in this action, and it was presumably upon the theory that this purchase constituted a settlement of compromise of the action without the consent of defendant, that the trial court rendered the judgment in this proceeding against the plaintiff under sections 4102 and 4103, Comp. Stats. 1921. The judgment, however, is erroneous upon this theory for two reasons:

First. Because in order to render an adverse party in litigation liable to an attorney for his fee because of a settlement and compromise made with such attorney's client, such attorney must have been entitled to a lien under section 4100, supra.

Second. The court having sustained Joe McCormick's motion for new trial, there was no judgment against McCormick in the original action at the time the judgment in this proceeding was rendered in favor of this defendant, and it is provided by section 4103 that in the event such settlement or compromise is made before verdict or judgment in the principal action, the attorney shall only be entitled to 33 1-3 per cent. of the amount sued on.

For the reasons above stated, the judgment of the district court of Okfuskee county should be reversed, with directions to dismiss the plea of intervention filed by the defendant herein.

By the Court: It is so ordered.