### ADCOCK et al. v. BENNETT et al.

No. 11495—Opinion Filed March 31, 1925.

**1. Attorney and Client—Attorney's Lien— What Subject.**

The attorney's lien provided for in section 4102, Comp. Stat. 1921, is limited to the client's cause of action or counterclaim and to any verdict, report, decision, finding, or judgment in his client's favor, and does

not extend to property not involved in the litigation.

## 2. Same—Action to Cancel Oil Lease.

In an action to cancel of record an oil and gas mining lease upon the ground that the lessee has not complied with the terms of the lease, the attorney does not acquire a lien upon the royalty rights.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from Superior Court, Tulsa County; L. J. Martin, Judge.

Action by C. C. Bennett against the Texas Company, a corporation, and A. D. Adcock and W. H. Dill. Judgment for plaintiff, and defendants A. D. Adcock and W. H. Dill appeal. Reversed.

McCrory & Monk, Hunt & Hunt, and W. F. Schuermeyer, for plaintiffs in error.

John R. Ramsey, for defendant in error Texas Company.

Bell & Fellows, for defendants in error.

Opinion by RAY, C. This suit involves the ownership of one-fourth of the royalty interest of a producing oil and gas mining lease. The essential facts are these: There was an oil and gas lease on the allotment of Millie Pettit. She executed a top lease to another party. She and the top lessee joined in a suit to cancel the first lease upon the grounds that the lessee had not complied with its terms. As compensation to her attorneys for conducting the litigation she agreed to give them a one-fourth interest in and to the royalty rights. The attorneys indorsed upon the petition when filed, the words, "Lien claimed." The suit was filed in February, 1917. A few days later she carried out her agreement by executing a written assignment to the firm of attorneys of one-fourth of the royalty interest, which was filed of record April 17, 1912. After executing the assignment to her attorneys, the allottee conveyed the fee by warranty deed to Adcock & Dill, who had no knowledge of the lien claimed by the attorneys. That deed was filed of record April 9, 1917. In October, 1917, the attorneys conveyed their interest to C. C. Bennett, the plaintiff, defendant in error. In the brief of plaintiff it is said:

"It is not contended that Adcock & Dill had notice at the time they took their contract of the existence of the assignment from the said Millie Pettit to Bruce & Walker (the attorneys) except as they were put upon notice by the filing of the suit with the claim for attorneys' fees indorsed on the petition."

The real question in the case is, Did the firm of attorneys, in bringing the suit to cancel of record the abandoned lease, acquire a lien upon the royalty? The statute under which the lien is claimed reads:

Section 4100. "From the commencement of an action, or from the filing of an answer containing a counterclaim, the attorney who represents the party in whose behalf such pleading is filed shall, to the extent hereinafter specified, have a lien upon his client's cause of action or counterclaim, and the same shall attach to any verdict, report, decision, finding, or judgment in his client's favor, and the proceeds thereof, wherever found, shall be subject to such lien, and no settlement between the parties without the approval of the attorney shall affect or destroy such lien, provided such attorney serves notice upon the defendant or defendants, or proposed defendant or defendants, in which he shall set forth the nature of the lien he claims and the extent thereof; and said lien shall take effect from and after the service of such notice, but such notice shall not be necessary provided such attorney has filed such pleading in a court of record, and endorsed thereon his name, together with the words 'Lien claimed.' "

It will be observed that this section gives the attorney a lien "upon his client's cause of action or counterclaim." It does not confer a lien upon any other property than that involved in the action. In Holloway v. Wright, 91 Okla. 57, 215 Pac. 937, it was held that an attorney representing a defendant has no lien upon the subject- matter of the litigation where the answer contains nothing but defensive matter and involves no affirmative relief in behalf of defendant against the adverse party.

The petition filed by the firm of attorneys for the allottee to cancel the lease of record was made a part of the pleading and introduced in evidence. The question of the royalty was not involved. The royalties were reserved to the allottee. The effect of that litigation could only be to get the old lease off the record and to give a clear record title to the holder of the top lease. There was nothing in the pleading to lead one to believe that the attorneys had any interest in the royalties. The royalty rights were not affected by the litigation in any sense. They were reserved to the allottee by the first lease and by the second lease. No judgment could have been entered in any way affecting the royalty. For that reason the attorneys had no lien upon the royalty rights under this statute.

The judgment of the trial court was for

Bennett, and should be reversed, with directions to vacate the judgment and proceed in accordance with this opinion.

By the Court: It is so ordered.